UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HYDRAULIC RACE CO., INC.;
HYDRAULIC RACE CO., LTD,; and,
NIAGARA ZIPPER, LLC,

                    Plaintiffs,      Civ. No.: 1:24-cv-00857-JLS

v.

CITY OF LOCKPORT; JASON DOOL, Individually
and in his official capacity as Building Inspector;
MICHELLE ROMAN, Individually and in her
official capacity as Mayor; STEVEN ABBOTT,
individually and in his official capacity as Police
Chief; LUCCA QUAGLIANO, individually and in
his official capacity as Fire Chief; STEVEN
TARNOWSKI, individually and in his official
capacity as a defective lieutenant with the City
of Lockport's Police Department; PAUL BECKMAN,
individually and in his official capacity as the
President of the Lockport Common Council;
MEGAN BREWER, individually and in her official
capacity as the Inspection Date Coordinator /
Zoning Officer of Lockport's Building Inspection
Department; RICHELLE PASCERI, individually
and in her official capacity as the Clerk for the City
of Lockport; JOHN DOE(s), individually and in
their official capacities,

                    Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**WEBSTER SZANYI LLP**
 *Attorneys for Defendants*
Michael P. McClaren
Meghan M. Hayes
424 Main Street, Suite 1400
Buffalo, New York 14202
mmcclaren@websterszanyi.com
mhayes@websterszanyi.com

## PRELIMINARY STATEMENT

Plaintiffs' Complaint fails for the reasons set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss. Plaintiffs' opposition fails to sufficiently address any of Defendants' arguments in support of dismissal, instead it relies on the vague and conclusory allegations in the Complaint that do not even come close to being sufficient to state a claim.

Further, Plaintiff's cross-motion to strike should be denied because Plaintiff fundamentally misunderstands Defendants' purpose in attaching the Notice of Claim and 50-h transcript. Compliance with the General Municipal Law is a statutory prerequisite for bringing a claim against a municipal defendant. Failure to comply with the General Municipal Law is a jurisdictional defect. The Notice of Claim and 50-h transcript were submitted to demonstrate noncompliance with General Municipal Law. Because Defendants have raised a jurisdictional defense documents outside the complaint may be properly considered on a motion to dismiss.

Accordingly, Plaintiffs' cross-motion to strike must be denied, Defendants' motion to dismiss must be granted, and Plaintiffs' complaint must be dismissed, in its entirety and with prejudice.

## ARGUMENT

I. **Plaintiffs' Failure to Comply with the General Municipal Law Compels Dismissal of Their State Law Claims for Lack of Subject Matter Jurisdiction.**

Plaintiffs contend that when deciding a motion to dismiss, the court cannot rely on materials outside the complaint. Plaintiffs further argue that courts are explicit on the fact that 50-h hearing transcripts cannot be considered on a motion to dismiss.

However, Plaintiffs' do not understand the basis for Defendants submission of extraneous materials here.

Failure to comply with the General Municipal Law is a jurisdictional defect that compels dismissal of state law causes of action for lack of subject matter jurisdiction. See *Caceres v. Port Auth. of New York & New Jersey*, 631 F.3d 620, 625 (2d Cir. 2011) (holding that failure to comply with statutory notice of claim requirements barred false arrest claims). When examining an issue of subject matter jurisdiction, a court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999). Courts may also rely on extrinsic evidence when examining subject matter jurisdiction. *See Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986); *see also Greater New York Hospital,* 1999 WL 1021561, at *4 ("[i]n reviewing a *factual* challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence").

Plaintiffs argue that the Court cannot consider the Notice of Claim or excerpts of the 50-h transcript to challenge the allegations of the Complaint. However, Plaintiffs misconstrue the reasoning behind Defendants' use of extrinsic evidence in this instance. At the required 50-h hearing, Plaintiffs refused to answer questions about the specifics of the accident or the specifics of the safety of the boat operation, all of which go to the heart of Plaintiffs' defamation claim. Plaintiffs did not offer a legitimate reason for their failure to comply with the 50-h hearing and instead attempted to thwart the statute designed to "to afford the city an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement." *Alouette Fashions, Inc. v. Consolidated Edison*

*Co.*, 119 A.D.2d 481 (1st Dept. 1986).  To the extent that Plaintiffs allege that Defendants' statements implied or directly stated that the boat tour was not safe or properly operated, truth is an absolute defense. *Cain v. Atelier Esthetique Institute of Esthetics, Inc.*, 733 Fed. Appx. 8, 11 (2d Cir. 2018) ("truth provides a complete defense to defamation claims.").  Plaintiffs refused to allow Defendants to explore that issue during the 50-h examination.  Plaintiffs did not claim privilege or Fifth Amendment immunity.  They just decided they did not want to discuss the issue.  They were warned that they did so at their own peril. (Doc. 20-2, p. 56).

Due to Plaintiffs failure to comply with the statutory requirements of NY General Municipal Law § 50-H, this court lacks subject matter jurisdiction over Plaintiffs' state law claims.  See *Dillon v. Suffolk Cty. Dep't of Health Servs.*, 917 F. Supp. 2d 196, 216 (E.D.N.Y. 2013) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim.").  Thus, Plaintiffs' cross-motion to strike should be denied and Plaintiffs' state law claims dismissed  for lack of subject matter jurisdiction for failure to comply with the General Municipal Law.

**II.    Plaintiffs' Due Process Claims Fail.**

Plaintiffs' opposition, like their Complaint, willfully ignores the fact that a man died after he was trapped under their vessel, on their property, while participating in their cave tour. Within minutes of the vessel capsizing, emergency crews were called to respond to the accident, and the property was designated a crime scene.  It is well settled that "the Supreme Court has held that 'the necessity of quick action by the State or the

impracticality of providing any meaningful predeprivation [sic] process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the procedural requirements of due process." *Reynold v. Krebs*, 336 F. App'x 27, 28 (2d Cir. 2009) (quoting *Parratt*, 451 U.S. at 539).

The alleged deprivation of Plaintiffs' property occurred when the police designated the property a crime scene on June 12, 2023. It would have been impractical for the police to provide Plaintiffs notice and an opportunity to be heard prior to designating the property a crime scene. No court has ever held that the police must give a property owner notice and an opportunity to be heard prior to designating an area a crime scene in the immediate aftermath of a disaster. Therefore, because the pre-deprivation process was impractical, the availability of post deprivation process, in an Article 78 for example, is sufficient. *Lilakos v. New York City*, 808 F. App'x 4, 9 (2d Cir. 2020) ("an Article 78 proceeding is a perfectly adequate post-deprivation remedy").

Further, the alleged discontinuance of electricity to the property was also in response to an emergency. First responders were wading through water to investigate the crime scene. To protect the health and safety of law enforcement, electricity needed to be discontinued to the property because Dool observed serious safety violations (a broken conduit, bare wiring that was also exposed to water). (Compl. ¶¶ 68-69). It would have placed law enforcement officers at risk to give Plaintiffs notice and an opportunity to be heard prior to discontinuing electric service to the crime scene. "A complaint should be dismissed for failure to state a claim when, on its face, it fails to suggest that the defendants' decision to take emergency action was arbitrary or an abuse of discretion."

*Canzoneri v. Inc. Vill. of Rockville Ctr.*, 986 F. Supp. 2d 194, 203 (E.D.N.Y. 2013). Here, the Complaint fails to suggest that the decision to stop electric to the crime scene was arbitrary or an abuse of discretion. Therefore, the availability of post-deprivation process was sufficient.

Plaintiffs' substantive due process claim fails as well. To state a substantive due process claim Plaintiffs must allege action by Defendants that was "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised." *Obsession Sports Bar & Grill, Inc. v. City of Rochester*, 235 F. Supp. 3d 461, 468 (W.D.N.Y. 2017), *aff'd,* 706 F. App'x 53 (2d Cir. 2017). "The interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021). Here, Plaintiffs do not allege any action by Defendants are even remotely close to "conscious-shocking." Accordingly the substantive due process claim fails as a matter of law.

### III.    Plaintiffs Have Not Alleged a Taking.

The two-month designation of Plaintiffs' property as a crime scene does not constitute a taking. As the Supreme Court recognized in *Cedar Point Nursery v. Hassid*, 549 U.S. 139, 160-161 (2021), government incursion on private property does not constitute a taking when the government "enters property in the event of public or private necessity," or when the government enters property to enforce the criminal law or to conduct reasonable searches. *Id.* Defendants entered Plaintiffs' property in response to an emergency and maintained control of the premises to complete the investigation of the

crime scene. This does not constitute a taking. *Id.* Further, Plaintiffs' citations to the *Penn Central* line of cases is irrelevant, as they are not  alleging a regulatory taking.

### IV.    Plaintiffs' Fourth Amendment Claim Fails.

As fully briefed in Defendants' motion to dismiss, Jason Dool entered Plaintiffs' property in the context of an emergency, and therefore his entrance did not violate the Fourth Amendment. *Capozzi v. City of Olean, N.Y.*, 910 F. Supp. 900, 907 (W.D.N.Y. 1995). Plaintiffs speculate that Dool entered the property on other occasions in July and August while it was still designated a crime scene. Plaintiffs do not claim that Dool searched the property or "seized" Plaintiffs' property in July or August, only that he entered the property. Therefore, assuming only for the purposes of argument that Dool entered the property in July or August, his entrance would not be a violation of the Fourth Amendment. *See Palmieri v. Lynch*, 392 F.3d 73, 79 (2d Cir. 2004) ("a merely visual observation is no search' at all.").

### V.    Plaintiffs' Feeble Attempt to Save their First Amendment Claim Fails.

"To establish a First Amendment retaliation claim, a plaintiff must show that (1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendants' action." *Women's Interart Center Inc. v. New York City Economic Development Corp.*, 212 Fed. Appx. 12, 13 (2d Cir. 2007). A plaintiff must show that animus was the "sole or substantial motivating factor" behind the defendant's actions. *Id.*

The Complaint alleges that "[i]mmediately following the June 12, 2023 incident, Plaintiffs engaged in protected speech." (Compl. ¶ 252). The Complaint does not cite Plaintiffs' alleged trouble receiving responses to FOIL requests from 2018-2023 as

6

the basis for the alleged retaliatory acts. (Compl. ¶¶ 114-119). A plain reading of the Complaint clearly establishes that the alleged acts of "retaliation" occurred prior to Plaintiffs' engagement in protected activities. (Compl. ¶¶ 251-258).

Regardless, Plaintiffs' Complaint falls far short of plausibly alleging that Defendants' animus, as opposed to the obvious public health and safety concerns, caused Defendants to shut down Plaintiffs' business, remove electrical meters, declare the property a crime scene, prevent Plaintiffs from accessing their property or conducting business operations, make statements to the public about Plaintiffs' business and safety, or withhold information about the investigation. (Compl. ¶ 254). Plaintiffs' First Amendment claim fails as a matter of law.

### VI.    Plaintiffs Did Not Allege Trespass In their Notice of Claim.

It is well established that a plaintiff cannot assert or prosecute a theory of liability that was not raised in the notice of claim. *O'Dell v. County of Livingston*, 174 A.D.3d 1307, 1308 (4th Dept. 2019). In their opposition, Plaintiffs state that their Notice of Claim "specifically referenced Dool's unauthorized entries onto Plaintiffs' property." (Doc. 20-3, p. 34). To be clear, the Notice of Claim does not reference Dool's "unauthorized entries onto Plaintiffs' property." *See* Declaration of Meghan M. Hayes, Ex. A. Accordingly, this claim must be dismissed.

### VII.   Plaintiffs' Opposition Relies Entirely on Conclusory Allegations from the Complaint Which Are Insufficient To State A Claim.

It is well settled that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* "Mere labels and conclusions are insufficient; and absent further factual enhancement, naked assertions will not salvage a complaint otherwise subject to dismissal." *Watson Laboratories, Inc.*, 101 F.4th 223, 235 (2d Cir. 2024). Courts are not obligated to accept legal conclusions "such as "[t]hreadbare recitals of the elements of a cause of action that are supported by mere conclusory statements." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (quotations and citations omitted). "Legal conclusions, standing alone, are not entitled to the assumption of truth unless supported by factual allegations that plausibly give rise to an entitlement to relief -- a context-specific determination grounded in judicial experience and common sense." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

Plaintiffs' opposition to Defendants' motion to dismiss relies entirely on the conclusory allegations in their Complaint, and allegations that have no reasonable relationship to their claims. Plaintiffs cite issues with receiving FOIL responses from 2018 until 2023 as the basis for their conspiracy claim, equal protection claim, part of the procedural due process claim, part of their First Amendment claim, and their *Monell* claim. Plaintiffs essentially argue that because they were denied access to public documents requested through FOIL, all eight individual Defendants harbored an animus towards Plaintiffs which caused Defendants to violate their Constitutional rights. Even giving Plaintiffs every favorable inference, the allegations in the Complaint do not plausibly state

a claim for violations of equal protection, conspiracy, first amendment retaliation, substantive due process violations, abuse of process, or a *Monell* claim.

Finally, to the extent that Defendants' reply does not specifically address each and every point raised in Plaintiffs' opposition, Defendants believe that their arguments were sufficiently made in their original moving papers, and that Plaintiffs' arguments in opposition do not require a response. Defendants' failure to respond to a specific point should not be deemed a concession of that argument.

## CONCLUSION

For the reasons set forth herein, and for the reasons set forth more fully in Defendants' Memorandum of Law in support of the Motion to Dismiss, Plaintiffs' Complaint should be dismissed, in its entirety and with prejudice, and Plaintiffs' cross-motion to strike denied.

DATED:        January 20, 2025

WEBSTER SZANYI LLP
  Attorneys for Defendants

By:    *s/ Meghan M. Hayes*
        Michael P. McClaren
        Meghan M. Hayes.
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
mmcclaren@websterszanyi.com
mhayes@websterszanyi.com

TO:    **RUPP PFALZGRAF LLC**
        Chad A. Davenport, Esq.
        R. Anthony Rupp III, Esq.
         Attorneys for Plaintiffs
        1600 Liberty Building
        Buffalo, New York 14202
        (716) 854-3400
        Davenport@RuppPfalzgraf.com
        Rupp@RuppPfalzgraf.com